**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Kevin D.,
**Petitioner, Petitioner**

**v.)  No. 23-15** (Wood County CC-54-2022-D-AP-9)

Alexandria D.,
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Kevin D. appeals the Circuit Court of Wood County's December 13, 2022, order refusing his appeal of the Family Court of Wood County's November 9, 2022, domestic violence protective order ("DVPO") entered against him, which modified an existing DVPO.[1] The modified DVPO suspended visitation between Kevin D. and the parties' minor child pending an investigation by the appointed guardian ad litem. Here, the petitioner alleges that the circuit court erred by refusing his appeal because the family court was biased and prejudiced against him in its substantive and procedural rulings. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order refusing the appeal is appropriate. *See* W. Va. R. App. P. 21(c).

The parties are parents to a minor child and, at the time of the events relevant to this appeal, were married to one another. On the date of the incident leading to the initial DVPO, the petitioner claimed that he took the respondent's phone from her to call 9-1-1 because she was having suicidal thoughts. The respondent contended that the petitioner was controlling and would not let her leave for a therapy appointment, then took her phone from her. An altercation occurred. When the police responded to the 9-1-1 call, they took the respondent to the magistrate court where she sought a DVPO against the petitioner. At a later hearing in family court, after hearing from the parties and a witness, the family court found that the respondent had established by a preponderance of the evidence that domestic violence occurred and issued a DVPO for the respondent's protection. The DVPO also limited the petitioner's contact with the minor child to supervised visits, and the court subsequently appointed Mr. Jason Raber as guardian ad litem for the minor child to make a recommendation regarding visitation and custody. The petitioner did not appeal the DVPO.

---

[1] The petitioner is self-represented. Respondent Alexandria D. appears by counsel Matthew A. Jividen. We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

The family court scheduled a hearing for October 7, 2022, to consider the report of Mr. Raber. The court continued this hearing until January 9, 2023, to allow Mr. Raber additional time for his investigation. On October 18, 2022, the petitioner filed a petition to modify the DVPO, asking the court to terminate the DVPO and grant him regular, unsupervised visits with his minor child. He also filed a motion for the disqualification of the family court judge on October 18, 2022, claiming the judge's impartiality was in question. This Court denied the motion to disqualify. During the hearing on the modification petition, the court advised the petitioner that it would not allow him to present new evidence related to whether the DVPO should have issued in the first instance. The court did, however, allow the petitioner to present evidence related to a modification of the terms of the DVPO, such as visitation with the minor child. The petitioner called three witnesses and the respondent testified. Two of the petitioner's witnesses testified that he appeared to successfully care for the minor child while the respondent was away at basic training and that they observed no "red flags" between the petitioner and the child. The third witness testified that she observed the petitioner's supervised visitation with the child and that the child did not seem to fear the petitioner. The respondent testified about her sexual relationship with the petitioner as a minor and about his treatment of her both during that time and during their marriage, including that he required her to exchange sex for favors from his friends. The petitioner, and one of his witnesses, denied those allegations. Based on the respondent's testimony, Mr. Raber recommended that the petitioner's supervised visitation with the minor child be temporarily halted until he could complete his investigation into the respondent's allegations. Based on that recommendation, the court modified the DVPO to temporarily suspend visitation between the minor child and the petitioner. On December 5, 2022, the petitioner filed another motion for disqualification of the family court judge, alleging violations of the West Virginia Code of Judicial Conduct, which was again denied by this Court.

The petitioner appealed the modified DVPO to the circuit court, alleging bias in the family court's rulings. He appears to contend that the biased rulings resulted in unfair proceedings and references his and the child's fundamental rights. The circuit court granted the petitioner's request to reinstate the previous DVPO because there was no appearance by any other party at the hearing held on December 5, 2022; however, because the matter involved a minor child and Mr. Raber did not receive a notice of hearing, the court stayed the order and scheduled another hearing for December 12, 2022. After that second hearing, the circuit court entered an "Order Refusing Appeal of Family Court Order" on December 13, 2022. The circuit court found that the petitioner failed to show by a preponderance of the evidence that the family court's findings of fact were clearly erroneous or that it abused its discretion. The court found that the conclusions were supported by Mr. Raber's recommendation that there be no visitation between the petitioner and the minor child until he completed his investigation.[2] The effect of the circuit court's ruling was to enforce the modified DVPO that temporarily prohibited visitation between the petitioner and the child.

---

[2]Although the DVPO was set to expire on December 19, 2022, the respondent has since filed a petition for divorce, which, under West Virginia Code § 48-27-401(b), extends the protection afforded by the DVPO. The parties have not provided information as to any further relevant orders in the divorce action that would supersede the modified DVPO. Accordingly, it does not appear that the matter presently before us has been rendered moot. We note that under these circumstances, our ruling is limited to the issuance of the modified DVPO only, and that any

The petitioner again moved to disqualify the family court judge on March 3, 2023, again making allegations of bias or prejudice in violation of the Code of Judicial Conduct in the parties' related divorce action. The family court judge informed the parties and this Court by order entered March 8, 2023, that, although the judge had been unbiased to date, she would voluntarily recuse herself to avoid any difficulty being unbiased in the future given the barrage of filings in this case. Accordingly, the divorce case was transferred to another judge. The petitioner similarly moved to replace Mr. Raber as the guardian ad litem on more than one occasion, and those motions were denied. However, Mr. Raber ultimately moved to withdraw, and that motion was granted in the later filed divorce action between the parties in a March 13, 2023, order.

The petitioner now appeals to this Court the circuit court's order refusing his petition for appeal of the family court modified DVPO. At the outset, we note that the petitioner's brief and the appendix record submitted fail to comply with Rule 7 and Rule 10(c) of the West Virginia Rules of Appellate Procedure. Rule 10(c) requires a petitioner to submit a brief with an argument section that clearly presents the points of fact and law presented with appropriate and specific citations to the record on appeal and provides that this Court may disregard errors that are not adequately supported. *Id.* We recently explained the importance of compliance with Rule 10 in providing for clear, concise, and organized briefs and continue to emphasize the significance of that rule and that parties, including self-represented parties, should not anticipate that this Court will find or make arguments for them. *See Metro Tristate, Inc. v. Pub. Serv. Comm'n of W. Va.*, 245 W. Va. 495, 502-03, 859 S.E.2d 438, 445-46 (2021). The same principle applies to the need for a clear table of contents for appendix records and organized appendix records submitted under Rule 7. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Westlake Chem. Corp.*, --- W. Va. ---, ---S.E.2d ---, 2024 WL 313433, at *1 n.2 (2024). However, we have examined the briefs and the appendix record provided and we will address the petitioner's assignments of error to the extent possible.

We have held that

> [i]n reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004); *cf.* Syl. Pt. 1, *John P.W. ex rel. Adam W. v. Dawn D.O.*, 214 W. Va. 702, 591 S.E.2d 260 (2003) ("Upon an appeal form a domestic violence protective order, this Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*.").

---

subsequent custody determination made in the parties' divorce action is not affected by this decision.

As the petitioner's appeal to the circuit court raised an allegation of bias and prejudice by the family court, we have liberally construed the petitioner's four stated assignments of error in this Court to fall under that allegation and, for the reasons stated below, conclude that the circuit court did not abuse its discretion or err in refusing the appeal given Mr. Raber's recommendation and based on our review of the record made in the family court, which was provided to this Court in the appendix record.[3] In the petitioner's first assignment of error, he argues that the family court's initial adverse rulings were the product of bias and prejudice that resulted from learning of the twenty-five-year age difference between the parties. He also argues that the "prejudice and bias" continued during the November 9, 2022, hearing to modify the DVPO and the resultant modified DVPO. Only the issues related to the November 9, 2022, modified DVPO are before this Court. Many of the petitioner's assertions were included in his first two motions to disqualify the family court judge, which were reviewed and denied by this Court. Based on our review of the record on appeal, the petitioner has failed to do more than point to a ruling he disagreed with and has failed to substantiate a claim of bias or prejudice. Instead, the record contains ample evidence to support Mr. Raber's recommendation to *temporarily* suspend visitation between the petitioner and the minor child until an investigation into certain allegations could be completed. This evidence included testimony related to the petitioner's relationship with the respondent when she was a minor in his care.[4] The petitioner has therefore failed to demonstrate error in the family court's modification of the DVPO on the basis of bias or prejudice and we find no error or abuse of discretion in the circuit court's denial of the petitioner's appeal from the family court's November 9, 2022, rulings.

The petitioner's next two assignments of error involve claimed bias and prejudice related to the application of deadlines. First, the petitioner contends that the circuit court or circuit court clerk changed the filing date of his petition for appeal to the circuit court from November 18, 2022, to November 21, 2022, and did not meet the required timeframe for hearing the appeal given the December 12, 2022, hearing. However, the circuit court's December 5, 2022, hearing and order on the appeal satisfied the requisite ten-day period under *either* date and so we find no error or failure to meet required time frames by the circuit court. *See* W. Va. Code § 48-27-510 (providing that appeals of a final protective order must be filed within ten days of entry of the order and a petition for appeal shall be heard by the circuit court within ten days from the filing of the petition); W. Va. R. Prac. &Proc. Domestic Violence Civ. Proc. 19 (providing that any party may appeal a DVPO to the circuit court within ten days and that the circuit court shall hear the petition for appeal

---

[3] Although we have liberally construed the petitioner's stated assignments of error, to the extent that the petitioner raises other issues in passing that are unsupported by clear argument of the points of fact and law presented, the applicable standard of review, and the authorities relied on under headings corresponding with any relevant assignment of error, as required by Rule 10 of the Rules of Appellate Procedure, we decline to address those issues. We have stated repeatedly that "a skeletal argument, really nothing more than an assertion, does not preserve a claim*." State v. Benny W*., 242 W. Va. 618, 633, 837 S.E.2d 679, 694 (2019) (citing *State v. Fleming*, 237 W. Va. 44, 58, 784 S.E.2d 743, 757 (2016)).

[4] The family court advised the parties that full fact finding related to custody issues would be made in the divorce action.

within ten days after the petition is filed); *see also* W. Va. R. Prac. & Proc. Domestic Violence Civ. Proc. 28 (incorporating the time computation standards found in Rule 6 of the West Virginia Rules of Civil Procedure); W. Va. R. Civ. P. 6(a) (providing, in relevant part, that when "the period of time prescribed or allowed is fewer than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."). Therefore, we conclude the petitioner did not establish error or abuse of discretion related to this assignment of error.

The petitioner also alleges that Mr. Raber failed to complete his report and missed deadlines set out in family court orders and, as discussed above, argues that this is an example of biased and prejudicial rulings by the family court. In the family court action and prior to the hearing on the petition for modification and the petitioner's appeal to circuit court, Mr. Raber sought a continuance to afford additional time to complete his investigation. The petitioner has not shown that he objected to that continuance, and, more importantly, he has not set forth argument or authority to establish that the family court abused its discretion in continuing that October 7, 2022, hearing.[5] Because Rule 6(b) of the West Virginia Rules of Civil Procedure permits extensions of deadlines set forth in court orders for cause, we conclude the petitioner has not established clear error or abuse of discretion by the family court in continuing the hearing for the purposes of allowing Mr. Raber to complete his investigation. *See* W. Va. R. Prac. & Proc. Domestic Violence Civ. Proc. 28 (incorporating the time computation standards found in Rule 6 of the West Virginia Rules of Civil Procedure). Having found no error or abuse of discretion in the continuance granted, we find no error in the circuit court's denial of the petitioner's appeal on the basis of bias and prejudice related to the family court granting Mr. Raber a continuance.[6]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 10, 2024

---

[5] To the extent the missed deadlines referenced are related to the divorce action between the parties, that action is not presently before this Court.

[6] The petitioner lists an additional assignment of error, claiming that the circuit court erred by refusing his appeal because the family court modified video from the initial hearing on the DVPO petition and that unspecified parts of the hearing seem to be missing. The petitioner, however, does not provide factual detail or argument as to what is alleged to be missing in support of that conclusory statement in his brief to this Court. We have stated repeatedly that "a skeletal argument, really nothing more than an assertion, does not preserve a claim." *State v. Benny W.*, 242 W. Va. 618, 633, 837 S.E.2d 679, 694 (2019) (citing *State v. Fleming*, 237 W. Va. 44, 58, 784 S.E.2d 743, 757 (2016)). Therefore, we will not consider this claim.

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn